UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TRUSTEES of the LOCAL 813 SAVINGS AND : 
THRIFT TRUST FUND, :
:
                                  Plaintiffs, :      No.: _____
:
               - against - :
:
ROYAL WASTE SERVICES, INC., :
:
                                Defendant. :
-----------------------------------------------------------------X

## COMPLAINT

Plaintiffs, the Trustees (the "Trustees") of the Local 813 Savings and Thrift Trust Fund (the "Fund"), by and through their undersigned counsel, bring this action against Royal Waste Services, Inc. (the "Company"), and allege as follows:

**I.    INTRODUCTION**

    1.    This is an action under the Employee Retirement Income Security Act of 1974, as amended ("ERISA") to recover contributions owed by the Company for those of its employees who performed covered work under the terms of its collective bargaining agreement.

    2.    Pursuant to ERISA § 4301, 29 U.S.C. § 1451, the Trustees, on behalf of the Fund, seek to recover from the Company those contributions that were due and owing to the Fund, as well as accrued interest, liquidated damages, and attorneys' fees and costs.

**II.    JURISDICTION AND VENUE**

    3.    This Court has personal jurisdiction over the Company because it resides and does business in the State of New York.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the Trustees are fiduciaries of the Fund who seek relief pursuant to ERISA § 4301, 29 U.S.C. § 1451.

5. Venue is proper in the Eastern District of New York pursuant to ERISA § 4301(d), 29 U.S.C. § 1451(d), because the Fund is administered in this District and because the Company does business in this District.

## III. PARTIES

6. The Fund is a jointly-administered, multi-employer, labor-management trust fund established and maintained pursuant to a collective bargaining agreement in accordance with the Taft-Hartley Act § 302(c)(5)-(6), 29 U.S.C. § 186(c)(5)-(6); employee benefit plan within the meaning of ERISA §§ 3(1) to (3) and 502(d)(1), 29 U.S.C. §§ 1002(1) to (3) and 1132(d)(1); and multi-employer plan within the meaning of ERISA §§ 3(37) and 515, 29 U.S.C. §§ 1002(37) and 1145. The Fund is administered from 48-18 Van Dam Street, Suite 201, Long Island City, New York 11101.

7. Plaintiffs, the Trustees, bring this action in their capacities as fiduciaries of the Fund pursuant to ERISA §§ 3(21) and 4301(a)(1), 29 U.S.C. §§ 1002(21) and 1451(a)(1).

8. The Company is a for-profit domestic business corporation organized under the laws of the State of New York having a principal place of business at 187-40 Hollis Avenue, Hollis, New York 11423, and is an employer within the meaning of ERISA §§ 3(5) and 515, 29 U.S.C. §§ 1002(5) and 1145, and an employer in an industry affecting commerce within the meaning of the Taft-Hartley Act § 301, 29 U.S.C. § 185.

## IV.     BACKGROUND

9. The Company is party to a collective bargaining agreement (the "CBA") with Local Union No. 813, International Brotherhood of Teamsters (the "Union"), with respect to which the Fund is a third-party beneficiary.

10. Pursuant to the CBA, the Company was required to remit contributions to the Fund for all employees performing covered work under the terms of the CBA at the rates set forth therein.

11. Pursuant to the CBA, the Company would be considered in "default" if it failed to remit its contributions by the 15th of the respective month.

## COUNT I

### Violation of ERISA § 515, 29 U.S.C. § 1145
### (On behalf of the Fund)

12. Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

13. ERISA § 515, 29 U.S.C. § 1145 requires employers to pay contributions to the Fund in accordance with the terms and conditions of the applicable collective bargaining agreement.

14. The Company breached its obligations under the CBA and ERISA § 515, 29 U.S.C. § 1145 when it failed to pay $59,210.00 to the Fund for employer contributions due and owing to the Fund for covered work performed by the Company's employees from July 15, 2018 to December 2018; July 2019 to December 2019; and February 2020.

15. By letters dated May 26, 2020 and June 24, 2020, the Fund demanded immediate payment of the outstanding contributions, but to date, no such amounts have been remitted.

16. Accordingly, Plaintiffs, the Trustees of the Fund, demand judgment against the Company in the amount of $74,717.60, which amount includes: (i) $59,210.00 for contributions due and owing under the CBA, (ii) $7,753.80 in liquidated damages, (iii) $7,753.80 in interest,

calculated through July 21, 2020, (iv) attorneys' fees, in an amount to be determined, (v) costs, in an amount to be determined; and all other relief that the Court may deem just and equitable.

Dated: July 30, 2020

**PROSKAUER ROSE LLP**

By: */s/ Neil V. Shah*
      Neil V. Shah

Eleven Times Square
New York, NY 10036
(212) 969-3028
nshah@proskauer.com

Anthony S. Cacace
Eleven Times Square
New York, NY 10036
(212) 969-3307
acacace@proskauer.com

*Counsel for the Plaintiffs*